[No. 5116–1.   Division One.   May 30, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. CECER
LEE BRADLEY, *Appellant*.

*Mark Leemon* of *Seattle–King County Public Defender*,
for appellant.

*Christopher T. Bayley, Prosecuting Attorney*, and
*Charles J. Delaurenti II, Deputy*, for respondent.

FARRIS, C.J.—Cecer Lee Bradley appeals from judgment
entered on a jury verdict finding him guilty of second–
degree assault growing out of the shooting of a Metro bus

driver. Bradley argues that the trial court was without jurisdiction to try him for the offense.

On December 11, 1974, a petition was filed in King County Juvenile Court charging Bradley (a minor) with two counts of assault. On January 14, 1975, the juvenile court entered an order declining jurisdiction in the cause. The court, in the same order, suspended enforcement of the order declining jurisdiction "at the request of the child," and ordered that "failure to comply with any conditions would lead to prosecution as an adult on Count I, regardless of the age of the child, to age 21." The court then continued the cause until February 14, 1975, to establish living arrangements for Bradley and fix other conditions for his probation.

On February 14, 1975, the court released Bradley from detention with the conditions of the January 14 order remaining in full force and effect. Bradley reached his 18th birthday on February 24, 1975. The appeal questions whether this event terminated the juvenile court's jurisdiction over Bradley. We hold that it did.

On November 10, 1975, a third hearing was held in the juvenile court. An order was entered clarifying the intent of the prior orders of the court and explaining that the intent was (1) to extend jurisdiction over Bradley past his 18th birthday until his 21st birthday and (2) to continue Bradley on probation in the special supervision program.

On April 21, 1976, a new charge, murder in the first degree, was filed against Bradley in the superior court. As a result of the new charge, a juvenile court hearing was held on May 6, 1976, to consider revocation of the prior order suspending decline of jurisdiction. At the conclusion of that hearing, the court concluded that the April 21 murder charge was a violation of probation and revoked the order suspending decline of jurisdiction and declined jurisdiction on the original charge of second–degree assault. A subsequent trial resulted in the conviction from which this appeal is taken.

Bradley contends that the trial court erred in denying his motion in arrest of judgment because the juvenile court order of May 6, 1976, declining jurisdiction was void for lack of jurisdiction and, therefore, the trial court had no jurisdiction to try him for the second-degree assault charge.

■ The juvenile court lost jurisdiction over Bradley on February 24, 1975, his 18th birthday. All acts by the juvenile court subsequent to that date were void (and therefore of no force or effect) for lack of jurisdiction over his person. The issue was resolved in *In re Carson,* 84 Wn.2d 969, 972, 530 P.2d 331 (1975):

> [F]or purposes of juvenile court jurisdiction, majority is attained at age 18 and is not deferred until some later date unless there is a *specific* contrary statutory provision.

Here, there was no specific contrary statutory provision.[1] Juvenile court jurisdiction terminated on Bradley's 18th birthday. *See also In re Harbert,* 85 Wn.2d 719, 538 P.2d 1212 (1975).

■ The issue then is the effect of this fact on the acts of Bradley which resulted in the original juvenile court order. Bradley could *not* be treated as a juvenile following his 18th birthday but this fact does not deprive the superior court of jurisdiction over his person. *State v. Brewster,* 75 Wn.2d 137, 449 P.2d 685 (1969); *State v. Setala,* 13 Wn. App. 604, 536 P.2d 176 (1975). Whether he could be tried as an adult raises questions of double jeopardy and speedy trial. Want of jurisdiction of the juvenile court merely precludes acts of that court. It does not invalidate an otherwise valid act of the superior court which properly had jurisdiction of the subject matter and the person. We therefore remand the cause to the Superior Court to consider whether there were any barriers to the trial of Bradley as

---

[1] RCW 13.04.260, enacted by the legislature, Laws of 1975, 1st Ex. Sess., ch. 170, § 1, p. 574, fills the void created by *In re Carson, supra,* by granting juvenile courts the authority to extend their jurisdiction to age 21 by means of an order setting forth reasons for such extension of jurisdiction.

an adult for the crime of second–degree assault for which he was convicted.

Remanded.

WILLIAMS and RINGOLD, JJ., concur.

Reconsideration denied June 29, 1978.

Review denied by Supreme Court December 1, 1978.