**In the Matter of the Welfare of S. V.**

**No. 50470.**

Supreme Court of Minnesota.

Aug. 8, 1980.

Rehearing Denied Sept. 22, 1980.

 

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for appellant.

Stephen W. Cooper, St. Paul, for respondent.

Heard before OTIS, TODD and YETKA, JJ., and considered and decided by the court en banc.

YETKA, Justice.

Ramsey County filed a juvenile delinquency petition against the respondent on August 28, 1974, alleging that the respondent was responsible for the death of Dennis Durand 3 days earlier. At that time, the respondent was 17 years old. A warrant for the juvenile's arrest was issued, but service could not be made. The case was continued by the juvenile court for almost 4 years. On January 30, 1978, the court *sua sponte* dismissed the petition since the respondent was then 21 years old.

On May 31, 1979, a new delinquency petition was filed, a new warrant issued, and the respondent appeared in court on June 19, 1979. The county attorney sought referral for adult prosecution, but the respondent's attorney moved to dismiss. The referee granted the motion to dismiss because the respondent was then 22. On the same day, on the motion of the respondent, the Second Judicial District Court, Juvenile Division, confirmed the referee's decision. The county has appealed the June 19 order dismissing the petition. We affirm.

The issues presented in this appeal are:

I. May the county bring this appeal?

II. May a person accused of committing an offense while a juvenile, but who cannot be located until after age 21, be tried in either juvenile or district court?

III. Does the failure of the grand jury to indict the respondent require that the juvenile petition be dismissed?

The county alleges that on August 25, 1974, Dennis Durand was murdered in St. Paul. On August 28, the county filed a juvenile delinquency petition against the

respondent and a codefendant, charging them both with second- and third-degree murder. A warrant issued for respondent's arrest, but service was never made and he did not appear at the initial appearance.

On September 19, 1974, a grand jury investigating the incident declined to return any indictments or a no-bill. The codefendant was subsequently acquitted in juvenile court.

In the meantime, the respondent's case was continued some 14 times from 1974 to 1978. On two occasions, the court recommended that the county secure the assistance of the FBI and Minnesota and Texas authorities to effectuate the arrest of the respondent. The court file reflects that on December 31, 1975, the court found and recorded that the county and the other state and federal authorities had done everything possible to apprehend him.

On January 30, 1978, when the respondent had turned 21, the court *sua sponte* dismissed the petition. The respondent returned to the state at some point thereafter, and on May 31, 1979, the county filed a new juvenile petition and obtained a new warrant. The warrant was apparently served, as the respondent appeared on June 19, 1979, in juvenile court.

At that hearing, the county attorney asked the juvenile court to accept jurisdiction solely for the purpose of conducting a hearing on a referral for adult prosecution. The respondent moved to dismiss for lack of jurisdiction, however, and the court granted the dismissal.

■ I. The respondent first argues that the county may not bring this appeal because the juvenile court in January 1978 previously dismissed the petition for lack of jurisdiction and that order was not appealed. Appeals of juvenile court orders are permitted by Minn.Stat. § 260.291 (1978). It was held in *In re Welfare of C.W.S.*, 267 N.W.2d 496, 499 (Minn.1978) that the state is an "aggrieved person" permitted to appeal by that statute, and that ruling applies equally to the county.

Both parties agree that the type of order involved here is appealable. The respondent's argument is that the prior order was also appealable and should have been appealed. However, the respondent does not argue that the prior decision which was not appealed has the effect of collateral estoppel against the county. The question then is whether the county filed the new petition to circumvent the fact that the time to appeal the prior dismissal had expired and whether it is unfair to allow the county to refile its petition now.

Criminal cases concerning when the prosecution may appeal a dismissal rather than file a new complaint, *e.g., State v. Shaw*, 264 N.W.2d 397 (Minn.1978), and *State v. Reisewitz*, 261 N.W.2d 591 (Minn.1977), are not applicable here. In this case, the question is not whether the county could appeal the first order, but whether it can now bring a second petition and appeal its dismissal. Cases indicating that the prosecution may not appeal a dismissal where it can file a new complaint do not necessarily mean, by inverse reasoning, that because the county could appeal the first order, it cannot bring a second petition. The court in *City of St. Paul v. Landreville*, 301 Minn. 43, 221 N.W.2d 532 (1974), stated:

> Jeopardy has not attached * * * and the prosecution cannot be held to be prohibited from commencing another action should circumstances dictate. Nor is there a showing of a violation of due process, such as harassment, unfairness, loss of witnesses, or the like. Neither does the record indicate a want of prosecution denying the right of a speedy trial * * *.

301 Minn. at 46–47, 221 N.W.2d at 534. While that statement was made in the context of holding an order to be nonappealable because a second complaint could be brought, its reasoning is instructive as to whether a second petition should be allowed here.

■ In this case, double jeopardy did not attach, and there is no showing of harassment or unfairness involved. In fact, the county made every reasonable effort to ar-

rest the respondent, but he could not be located. Since the respondent was not available at the time of the first dismissal, an appeal by the county would have been pointless. As far as the record shows, the county brought the present petition as soon as the respondent could be arrested. Having absconded from the state, the respondent is hardly in a position to complain about the resulting delay and the need for a second petition.

■ If the county could bring the second petition, it can clearly appeal its dismissal under Minn.Stat. § 260.291 (1978) as construed in *In re Welfare of C.W.S., supra.* Given the absence of the respondent from the state, and the 1½ years between the first dismissal and the second petition, it can hardly be said that the second petition was merely a charade to circumvent the expiration of the appeal period as to the first dismissal. Thus, this appeal is proper.

II. The respondent is alleged to have committed the murder in 1974 when he was 17 years old. At the present time, he is 23 years old. As a result of the respondent's age, the juvenile court held that it did not have any jurisdiction over the case.

In support of the lower court, the respondent is attempting to take advantage of an alleged loophole in the juvenile court statutes. Minn.Stat. § 260.111, subd. 1 (1978), provides that juvenile courts have original and exclusive jurisdiction over offenses committed by persons under age 18 unless the case is referred by the juvenile court for adult prosecution under section 260.125. However, section 260.181, subdivision 4, states that juvenile court jurisdiction ends for all purposes at age 21. The respondent urges that the juvenile court lacks jurisdiction because he is over 21, and the district court lacks jurisdiction because there has been no juvenile court referral of the juvenile act. The respondent thus argues that he cannot now be prosecuted anywhere.

This court has been confronted with identical situations before and has not accepted the "home free" argument. In *State v. Dehler*, 257 Minn. 549, 102 N.W.2d 696 (1960), the act was allegedly committed at

age 16 and the prosecution was at age 34. The court stated:

Dehler contends that the Juvenile Court Act is in effect a statute of limitations upon prosecuting authorities. He argues that where proceedings are not taken against an offender until after he became 18 years of age, under § 260.22, or 21 years of age, under L. 1959, c. 685, § 2, subd. 9, and § 14, subd. 1, *such an offender can never be prosecuted by the district court for that offense.* * * *

*We believe it would be ridiculous to say that if a person of 16 or 17 years of age commits a murder and escapes detection or apprehension either on a warrant or indictment until after he reached 18 years of age, or 21 years under the recent changes, he could no longer be proceeded against in the juvenile court or tried by the district court.* See, *Scopillitti v. State*, 41 Ohio App. 221, 180 N.E. 740.

Dehler's interpretation would be in violation of Minn.Const. art. 6, § 5, which gives the district court original jurisdiction in all criminal cases, and it would be unreasonable and absurd. The legislature does not intend a result that is absurd or in violation of the constitution. M.S.A. § 645.17.

2. Therefore, we hold that under § 260.22, where an offense was committed prior to the time the accused reached 18 years, but his arraignment in municipal court or before a justice of the peace was not held until after he became 18, *it was not necessary that the case be transferred to the juvenile court but it could be tried by the district court without proceedings being conducted in juvenile court.* We also hold that under L. 1959, c. 685, § 2, subd. 9, and § 14, subd. 1, where a person is accused of violating a state or local law or ordinance, which violation occurred while under 18 years of age, but does not appear before a court for the offense until after he reaches 21 years, *he may likewise be prosecuted in district court.*

257 Minn. at 555–56, 102 N.W.2d at 702 (emphasis added).

*Dehler* would be directly applicable here but for certain amendments to the statutes since the decision. In *State v. Dugan*, 297 Minn. 374, 211 N.W.2d 876 (1973), the court noted that the statutes relied on in *Dehler*, which had referred to age at the time of prosecution, had been repealed and replaced by statutes referring to age at the time of commission of the act in question. The court stated:

> Thus, the law in effect when *Dehler* was decided is distinguishable from the present law and the defendant, a minor * * *, is subject to the original and exclusive jurisdiction of the juvenile court. Minn.St.1971, § 260.015, subd. 9; Minn.St. § 260.111, subd. 1; § 260.115, subd. 1. We hold that defendant is subject to the jurisdiction of the district court only if he is referred to that court after appropriate proceedings have been held by the juvenile court.

297 Minn. at 377, 211 N.W.2d at 878. This holding was reiterated in *State v. Fleming*, 302 Minn. 61, 223 N.W.2d 397 (1974).

However, in *Dugan* and *Fleming*, the defendants were in the 18 to 21 year age bracket during which juvenile court still has jurisdiction so the defendants did not go untried. In this case, the defendant is over 21 and beyond the limit of juvenile court's jurisdiction under section 260.181, subdivision 4. It is thus a return to the situation in *Dehler* where the defendant argues that there is no court which can try him. Under the reasoning of *Dehler*, the respondent may be tried in district court as an adult. While it is argued that doing so would violate the requirement of a referral from juvenile court, the fact is that juvenile court lacks jurisdiction to grant the referral.

■ We hold that where a juvenile has been the subject of a petition in juvenile court for an alleged offense occurring while a juvenile and where the record shows the juvenile eluded prosecution in juvenile court until he is past 21 years of age, the former juvenile who is now an adult is subject to the complete jurisdiction of the district court as an adult and without the necessity of a reference hearing before either the juvenile court or the district court. This rule does not mean that prosecution can deliberately delay a petition or prosecution of a juvenile, for that would be a denial of the juvenile's constitutional right to a speedy trial. This holding is confined to the situation where, as in this case, the state has been diligent in seeking arrest and prosecution of the juvenile and where jeopardy has not yet attached.

Therefore, while the juvenile court was correct in dismissing the petition because it does not have jurisdiction to entertain a referral petition, such dismissal is without prejudice to the right of appropriate authorities to bring proceedings against the former juvenile as an adult in district court.[1]

Affirmed.

AMDAHL, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

1. In light of this result, we need not reach the question of whether Minn.R.Crim.P. 18.07 required the juvenile petition to be dismissed when the grand jury failed to indict. The petition was properly dismissed on jurisdictional grounds.