NO. 83-469

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

STATE ex rel., STEVEN WADE ELLIOT,

Relator,

vs.

DISTRICT COURT OF THE SIXTH JUDICIAL
DISTRICT, IN AND FOR THE COUNTY OF
SWEET GRASS, THE HONORABLE BYRON
L. ROBB, DISTRICT JUDGE,

Respondent.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

James Tulley argued, Big Timber, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Jim Schier, Assistant Attorney General, argued, Helena,
Montana
G. Thomas Biglen, County Attorney, Big Timber, Montana

_____

Submitted: March 19, 1984

Decided: June 20, 1984

Filed: JUN 20 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Relator Steven Wade Elliot petitions this Court for a writ of supervisory control or other appropriate writ ordering the Sixth Judicial District Court, Sweet Grass County, to dismiss deliberate homicide and robbery charges for lack of jurisdiction. We deny the application for writ of supervisory control.

The issues are:

1. Whether a youth 15 years of age is legally capable of committing a crime?

2. Does the District Court have jurisdiction to try an individual charged at 22 years of age for felonies allegedly committed at the age of 15?

On July 1, 1976, when relator was about 15 1/2 years of age, his neighbor, William Feldt, was found dead in his home. At about the same time, relator left home and was picked up several days later as a runaway. He was adjudicated a youth in need of supervision and confined at various youth institutions until he was 19. Soon after his release from Swan River Youth Camp, he was arrested and convicted of a felony in Missoula. He was sentenced to the State Prison and was later paroled.

In May 1983, while being questioned in Helena concerning an incident there, relator confessed to having murdered and robbed his former neighbor, William Feldt. Upon learning of the confession, Sweet Grass County authorities petitioned the District Court for authority to exhume Feldt's body for examination. Authority was granted and the results of the post-mortem examination corresponded with relator's confession. Relator, then 22 years of age, was charged in District Court with deliberate homicide and robbery.

2

On June 30, 1983, relator moved the District Court for dismissal of the charges for lack of jurisdiction, arguing that the Youth Court had exclusive jurisdiction of the offenses. After a hearing on the motion, the District Court denied relator's motion and later filed a written order. The court reasoned that because the alleged crimes were not discovered until relator was 22, the Youth Court had never obtained jurisdiction and that the Youth Court's jurisdiction is exclusive only in cases where the offender is a youth when charged. Relator then filed this application for a writ of supervisory control.

I.

Relator argues that the Legislature has by implication set the minimum age of criminal responsibility at 16 and that a 15 year old is incapable of committing a crime. A 15 year old, he argues, can commit only "delinquent acts." We reject this argument.

Section 41-5-103(12)(a), MCA defines "delinquent youth" as a youth who has committed an offense which if committed by an adult would constitute a criminal offense. Section 41-5-206, MCA allows transfer from Youth Court to district court only if the youth charged was 16 or older at the time of the offense. Further, subsection (4) provides that "no youth may be prosecuted in the district court for a criminal offense originally subject to the jurisdiction of the youth court unless the case has been transferred as provided" in section 41-5-206, MCA. From these provisions, relator argues that the Legislature intended to establish a rule that one under the age of 16 is incapable of committing a crime. Relator argues that such a rule is consistent with a national legislative trend recognizing that youths under a certain age should not be subject to criminal responsibility. Further,

3

he argues, a noncriminal act does not ripen into a crime by the mere passage of time.

We conclude that the statutory provisions cited by relator are more consistent with a different legislative purpose and do not establish a rule that a youth under 16 is incapable of committing a crime.

The primary purposes of these statutory provisions are to make it clear that delinquency proceedings in Youth Court are noncriminal, section 41-5-106, MCA, and to prohibit prosecution of youths in district courts while they are youths, section 41-5-206(4), MCA. These provisions are consistent with the fundamental objective of the Youth Court Act, which is to attempt to rehabilitate the offender while he is a youth and presumably amenable to rehabilitation. Section 41-5-102(2), MCA. A delinquent youth is defined as a youth who has committed an offense which would be criminal if committed by an adult to emphasize that an adjudication of delinquency is noncriminal. However, this provision does not address the capacity of a youth to commit a crime. Cf. McBeth v. Rose (Ariz. 1975), 531 P.2d 156, 159.

The incapacity argument raised by relator was rejected in State v. Little (Or. 1965), 407 P.2d 627. There, defendant was arrested and indicted for murder at the age of 15. After defendant turned 16, his case was remanded to the jurisdiction of the circuit court for adult disposition. Oregon law provided that juvenile court had exclusive original jurisdiction over youths under 18 years of age, but that a child could be remanded to the appropriate trial court for adult disposition if at the time of the remand he was 16 years of age or older. 407 P.2d at 628-29. The defendant contended that this statutory scheme was enacted with the intent to prohibit prosecution of any person for crimes

4

committed before reaching the age of 16. The Oregon court

rejected this argument, stating:

> "No Oregon statute permits the discretionary remand
> of a person under sixteen at the time of the
> remand. Therefore, the defendant argues, the
> legislature intended to make persons under sixteen
> immune from criminal liability. Exclusive
> jurisdiction of persons under sixteen, the
> defendant says, remains exclusive, and cannot be
> converted into concurrent jurisdiction by the
> passage of time. The defendant's argument rests
> upon a premise that the statutes forever fix the
> court's power over a child according to his age on
> the date an offense was committed. . ..
>
> . . .
>
> "If there is to be some arbitrary age before which
> a person cannot, as a matter of law, be accorded
> adult treatment for his criminal conduct, the age
> may, of course, be clearly fixed by statute. If,
> however, the legislature has not fixed such an age,
> it is not the function of the courts to do so.
>
> . . .
>
> "It is extremely unlikely that if the Assembly had
> considered the precise problem now before us, it
> would have intended to create a hiatus in the law
> that could wholly frustrate the administration of
> justice when a serious offense had been committed
> by a person below the age for discretionary
> remand." 407 P.2d at 629-30.

Although Little involved a statutory transfer rule, slightly

different from Montana's, we believe the Oregon court's

reasoning applies here. Specifically, the Montana

Legislature has not expressly stated a minimum age of

criminal capacity, even though it could have done so if such

a rule had been intended.

Relator contends that his position is supported by

People ex rel. Terrell v. District Court (Colo. 1967), 435

P.2d 763. There, a 15 year old was charged in district court

with assault with a deadly weapon. The court held that the

Colorado Legislature, by enacting its statutory juvenile

court provisions, in effect raised the minimum age of

criminal responsibility from 10 to 16 years of age. The

5

statutory language relied upon by the Colorado court appeared in section 22-1-4(4) of the Colorado Children's Code:

> "A child [under 18] shall be charged with the commission of a felony only as provided in subsection (4)(a) of this section, except for crimes of violence punishable by death or life imprisonment where the accused is 16 years of age or older." (court's emphasis)

The court found that this language precluded prosecution of a 15 year old for a felony. 435 P.2d at 765-66.

However, at least two significant distinctions separate Terrell from this case. First, Terrell addressed a different factual situation. There the offender could have been charged in juvenile court instead of criminal court because he was only 15 when charged. Here the crime was not discovered nor was relator charged until the age of 22, when Youth Court jurisdiction was no longer available. Second, the Colorado statute included an express statement by the legislature that a child could be charged with commission of a felony only if 16 years of age or older and under specified circumstances. Montana's statute provides only that a youth may not be prosecuted in district court for a criminal offense originally subject to Youth Court jurisdiction. Section 41-5-206(4), MCA. This statute is inapplicable to relator because he is not a youth and the alleged offense was never subject to Youth Court jurisdiction because it was not discovered until relator was 22. Terrell does not support relator's argument, nor does any of the numerous additional cases cited in furtherance of his argument. We have examined the cases cited by relator and find them distinguishable.

The purposes of the Youth Court Act are set forth in the Act's "declaration of purpose," section 41-5-102, MCA. That section provides:

6

"The Montana Youth Court Act shall be interpreted and construed to effectuate the following express legislative purposes:

"(1) to preserve the unity and welfare of the family whenever possible and to provide for the care, protection, and wholesome mental and physical development of a youth coming within the provisions of the Montana Youth Court Act;

"(2) to remove from youth committing violations of the law the element of retribution and to substitute therefore a program of supervision, care, rehabilitation, and, in appropriate cases, restitution as ordered by the youth court;

"(3) to achieve the purposes of (1) and (2) of this section in a family environment whenever possible, separating the youth from his parents only when necessary for the welfare of the youth or for the safety and protection of the community;"

Reading the Youth Court Act as a whole in light of this declaration of purpose, we find the Act is designed to provide a separate method of treatment for youths while they are youths, with the ultimate goal of rehabilitation. Nowhere in the Youth Court Act has the Legislature declared that a youth is incapable of committing a crime. We believe that had the Legislature intended to establish such a rule, it would have expressly stated so.

We hold that a youth 15 years of age is legally capable of committing a crime.

II

Relator argues that the Youth Court Act vests in the Youth Court exclusive jurisdiction over crimes by persons under 18 years of age and that this jurisdiction cannot be transferred to district court if the youth was under 16 at the time of the offense. He argues that because the Youth Court cannot exercise jurisdiction over these offenses or transfer the cause to district court, no court has jurisdiction over the offenses and the charges must be dismissed. We disagree.

Section 41-5-203(1), MCA provides:

"Jurisdiction of the court. (1) Except as provided in subsection (2), the [youth] court has exclusive original jurisdiction of all proceedings under the Montana Youth Court Act in which a youth is alleged to be a delinquent youth, a youth in need of supervision, or a youth in need of care or concerning any person under 21 years of age charged with having violated any law of the state or ordinance of any city or town other than a traffic or fish and game law prior to having become 18 years of age." (emphasis added)

In State ex rel. Bresnahan v. District Court (1953), 127 Mont. 310, 263 P.2d 968, this Court held that the substantially similar predecessor of this section granted the Youth Court jurisdiction where the offender is under 21 when charged and the offense was committed before the offender reached the age of 18. Thus, the "exclusive original jurisdiction" of the Youth Court depends upon two factors: (1) the offense was committed while the youth was under the age of 18 and (2) the youth is charged before the age of 21. Because the crimes were not discovered nor charges brought until relator was 22, the exclusive original jurisdiction of the Youth Court was never invoked. Because relator's alleged offenses were not "originally subject" to Youth Court jurisdiction, the limitations on district court prosecution contained in section 41-5-206(4), MCA are inapplicable. Relator's argument that this statute precludes district court jurisdiction is without merit.

It is true that some jurisdictions determine juvenile court jurisdiction based upon the offender's age at the time of the offense. See Annotation, 89 A.L.R.2d 506 (1963). However, the determination depends upon the state jurisdictional statute in question, and cases from other jurisdictions decided under different statutes do not control our determination. Section 41-5-203, MCA expressly requires

8

consideration of the offender's age when charged in addition to his age at commission of the offense.

In State v. Fowler (Del. 1963), 194 A.2d 558, the Delaware court faced a similar dilemma. The offender had committed a homicide at the age of 17 and confessed 10 years later. The juvenile court had exclusive jurisdiction of crimes committed by a person under 18 and charged before the age of 21. Youth court jurisdiction ended at 21. The court concluded that the general criminal court had jurisdiction because the offender was no longer a youth when charged. 194 A.2d at 563.

While the Youth Court is granted jurisdiction by statute, district courts are granted jurisdiction by the Constitution. Article VII, section 4 of the Montana Constitution provides:

> "The district court has original jurisdiction in all <u>criminal cases amounting to felony</u> . . . and such additional jurisdiction as may be delegated by the laws of . . . the state of Montana." (emphasis added)

Lack of Youth Court jurisdiction does not affect the scope of district court jurisdiction. In State v. Bradley (Wash.App. 1978), 580 P.2d 640, the court stated:

> "Bradley could <u>not</u> be treated as a juvenile following his 18th birthday but this fact does not deprive the superior court of jurisdiction over his person . . .. Want of jurisdiction of the juvenile court merely precludes acts of that court. It does not invalidate an otherwise valid act of the superior court which properly had jurisdiction of the subject matter and the person." 580 P.2d at 642 (citations omitted) (court's emphasis).

As in <u>Bradley</u>, the Montana district courts have been given jurisdiction by constitutional provision, and lack of jurisdiction in Youth Court does not limit a district court's jurisdiction.

In In the Matter of the Welfare of S.V. (Minn. 1980), 296 N.W.2d 404, the 17 year old defendant was charged with

homicide in juvenile court. However, the case dragged on in juvenile court over four years and the court lost jurisdiction because the offender turned 21. At 22, the county sought to prosecute him in district court. Defendant made the same argument as relator here:

> ". . . the respondent is attempting to take advantage of an alleged loophole in the juvenile court statutes. Minn. Stat. §260.111 . . . provides that juvenile courts have original and exclusive jurisdiction over offenses committed by persons under age 18 unless the case is referred by the juvenile court for adult prosecution. . .. However . . . juvenile court jurisdiction ends for all purposes at age 21. The respondent urges that the juvenile court lacks jurisdiction because he is over 21, and the district court lacks jurisdiction because there has been no juvenile court referral of the juvenile act. The respondent thus argues that he cannot now be prosecuted anywhere." 296 N.W.2d at 407.

The court responded that it had been confronted before with identical situations and had rejected the "home free" argument. The court relied on State v. Dehler (Minn. 1960), 102 N.W.2d 696, where the court allowed prosecution of a 34 year old for an act committed at age 16. The court quoted from Dehler:

> "'We believe it would be ridiculous to say that if a person of 16 or 17 years of age commits a murder and escapes detection or apprehension either on a warrant or indictment until after he reached 18 years of age, or 21 years under the recent changes, he could no longer be proceeded against in the juvenile court or tried by the district court. [court's emphasis deleted]

> "'Dehler's interpretation would be in violation of [the Minnesota Constitution] which gives the district court original jurisdiction in all criminal cases, and it would be unreasonable and absurd. The legislature does not intend a result that is absurd or in violation of the constitution . . .." 296 N.W.2d at 407.

S.V. held the defendant could be prosecuted and distinguished State v. Fleming (Minn. 1974), 223 N.W.2d 397, cited here by relator, based upon statutory differences and because the

10

offender in that case could still be tried in juvenile court. 296 N.W.2d at 408.

In our review of the Youth Court Act, we do not find any direct statement or implication that the Legislature intended to place a person such as relator beyond the reach of the judicial process. Our review of the Act suggests that the possibility of the present fact situation was neither considered nor addressed by the Legislature. Relator's interpretation of the Act would lead to the type of result classified as absurd in State v. Little (Or. 1965), 407 P.2d 627, 630.

Because we have concluded that relator's age at commission of the alleged offenses did not render him incapable of committing crimes, we hold that the District Court has jurisdiction to try an individual charged at 22 for felonies allegedly committed at the age of 15, as provided in the court's constitutional grant of jurisdiction over all felonies.

We conclude that the District Court was correct in denying relator's motion to dismiss and we therefore deny the application for writ of supervisory control or other appropriate writ.

Justice

11

We concur:

_Frank I. Haswell_
Chief Justice

_John Conway Harrison_

_Frank G. Morrison_

_L. C. Gulbrandson_

_Daniel J. Shea_

Justices

Mr. Justice John C. Sheehy, specially concurring:

I concur in the result here only because of the provisions of 1972 Montana Constitution, Art. VII, § 4, and of section 46-2-201, MCA.

Art. VII, § 4 provides in part: "The district court has original jurisdiction in all criminal cases amounting to a felony.. . ."

Section 46-2-201, MCA, states: "The district courts have jurisdiction of all public offenses not otherwise provided for."

Our statutes do not provide for a crime allegedly committed by a 15-year old person who was never prosecuted until he reached the age of 22. His case would fall between the cracks except for the enactment of section 46-2-201. It specifically covers Elliot's case, and we need look no further for jurisdiction in the District Court to handle the prosecution.

John C. Sheehy
_____
Justice

- 13 -