IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 84-502

IN THE MATTER OF:

T.L.G. and M.E.H., Youths.

FILED

DEC 18 1984

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER DENYING WRIT
AND OPINION

The State of Montana, acting through the County Attorney's office of Butte-Silver Bow, Montana, has made application to this Court seeking a writ of supervisory control, a writ of prohibition, or other appropriate writ, against the Youth Court of the Second Judicial District of the State of Montana, in and for the County of Silver Bow.

The writ sought would in effect overrule the Youth Court's order of November 13, 1984, denying the State's motion to arrest proceedings in two cases pending in the Youth Court involving T.L.G. and M.E.H. The youths are facing charges in the Youth Court that each is a delinquent youth in that each had committed three counts of deliberate homicide, that T.L.G. had committed robbery by accountability, and that M.E.H. had committed robbery, all felonies. T.L.G. is fourteen years of age, having been born on January 16, 1970. M.E.H. is fifteen years of age, having been born on March 1, 1969.

The purpose of the State in moving to arrest proceedings in the Youth Court was to further move that the youths be transferred to criminal court under § 41-5-206, MCA. That statute, however, requires that before such charges may be transferred to the criminal court, the youth charged must

1

have been sixteen years of age or more at the time of the conduct alleged to be unlawful.

In making the application, the State contends in effect that the sixteen-year-old requirement for transfer has the effect of placing in the Youth Court total jurisdiction over all criminal cases amounting to a felony if the youth charged is less than sixteen years old and that such statutory provision is in conflict with Art. VII, Sec. 4(1), Montana Constitution 1972.

We set out in full the constitutional provision in question:

> "Section 4. District court jurisdiction. (1) The district court has original jurisdiction in all criminal cases amounting to felony and all civil matters and cases at law and in equity. . . .
>
> ". . .
>
> "(3) Other courts may have jurisdiction of criminal cases not amounting to felony and such jurisdiction concurrent with that of the district court as may be provided by law."

The State contends that the provisions of the 1972 Montana Constitution gives the District Court original jurisdiction in all criminal cases amounting to a felony, and that under the decision of this Court in State ex rel. Elliot v. District Court (Mont. 1984), 684 P.2d 481, 41 St.Rep. 1184, an individual under the age of sixteen is legally capable of committing a felony.

We have concluded that the State is not entitled to relief by supervisory control, writ of prohibition, or other writ for two principal reasons: (1) the term "original jurisdiction" as used in Art. VII, Sec. 4, of the 1972 Montana Constitution should not be interpreted to mean exclusive

2

jurisdiction; and (2) in any event, when the Youth Court acts, it is the District Court acting in that capacity.

If the term "original jurisdiction," as used in the Constitution, meant "exclusive original jurisdiction," as the State here assumes, it would mean, of course, that the legislature would have no power to provide for the prosecution of a crime amounting to a felony in any other forum but a District Court. Courts have not given the term "original jurisdiction" such a narrow construction. The question has arisen in several cases interpreting the term "original jurisdiction" found in the Civil Rights Act in 42 U.S.C. § 1983. For example, in Brown v. Pitchess (Cal. 1975), 119 Cal.Rptr. 204, 531 P.2d 772, 774, it is said:

> "Unless Congress confers exclusive jurisdiction on federal courts, state courts competent to exercise it have concurrent jurisdiction to enforce federal law in civil actions. [Citing authority.]

> "Section 1983 does not itself address the question of jurisdiction. The jurisdictional provision governing section 1983--28 United States Code section 1343(3)--confers 'original jurisdiction' on the federal district courts. The phrase 'original jurisdiction' means the power to entertain cases in the first instance, as distinguished from appellate jurisdiction; it does not mean exclusive jurisdiction. [Citing authority.] When intending to confer exclusive, as well as original, jurisdiction on the federal district courts, Congress is quite capable of making itself understood. For example, section 1338(a) of title 28 of the United States Code provides: 'The district courts shall have <u>original jurisdiction</u> of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. <u>Such jurisdiction shall be exclusive</u> of the courts of the states in patent, plant variety protection and copyright cases.'"

In accord see, Sanchez v. Attorney General (N.M. 1979), 598 P.2d 1170; Williams v. Greene (N.C. 1978), 243 S.E.2d 156.

3

We determine that nothing in the language of the Constitution using the term "original jurisdiction," without additional language showing that such jurisdiction is to be exclusive, prevents the prosecution of youths as delinquents under the Youth Court Act in cases amounting to felony. Nothing that this Court said in State ex rel. Elliot v. District Court, supra, conflicts with that determination.

The second reason that we determine that the state constitution is not offended by the prosecution of felonies in the Youth Court is that it appears obvious that the Youth Court, when it acts in jurisdiction, is acting as a District Court.

Section 41-5-201, MCA, provides that each judicial district of the state shall have at least one judge of the Youth Court. It further provides that in multi-judge judicial districts the judges shall by court rule designate one of their number to act as a Youth Court judge in each county of the district. The legislature encourages continuity of service as to the appointed Youth Court judge. Id. In Youth Court cases, however, the legislature has provided for "exclusive original jurisdiction," saying:

> "41-5-203. Jurisdiction of the court.
> Except as provided in subsection (2) the
> court has exclusive original jurisdiction
> of all proceedings under the Montana
> Youth Court Act in which a youth is
> alleged to be a delinquent youth . . ."

The exception noted in § 41-5-203, MCA, relates to concurrent jurisdiction in justice, municipal and city courts with respect to alcoholic beverage violations and traffic or fish and game law violations, and has no application here.

The constitutional framers recognized that the legislature might enact laws which enhance the protection of persons

4

not adults. In Art. II, Sec. 15, 1972 Mont. Const., it provided that the rights of persons under eighteen years of age include all the fundamental rights granted by the Constitution unless specifically precluded by laws "which enhance the protection of such persons."

In accordance with these view, IT IS HEREBY ORDERED that the application of the State in this cause for a writ of supervisory control, writ of prohibition or other appropriate writ be DENIED and the application is dismissed.

The Clerk of this Court shall serve copies of this order and opinion upon counsel of record for the parties, and upon the Youth Court of the Second Judicial District.

DATED this _15th_ day of December, 1984.

_____
                    Justice

We concur:

_____
        Chief Justice

_____

_____

_____
    Justices

Justice Frank B. Morrison, Jr., has authorized a statement that he concurs with the foregoing result but would deny the application for reason that a fifteen-year-old youth cannot be charged with a felony during the time he or she is a youth. Since a felony charge cannot be filed, the constitutional provision given the District Court jurisdiction of felonies has no application.