## STATE v. DAVID LEE DUGAN.

211 N. W. 2d 876.

October 12, 1973—No. 44590.

*Armstrong, Phleger, Reutiman & Vinokour* and *Bruce A. Armstrong,* for defendant-petitioner.

*Gary W. Flakne,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for plaintiff-respondent.

PER CURIAM.

Petitioner-defendant, David Lee Dugan, seeks a writ of mandamus directing the district court to transfer this case to the juvenile court pursuant to Minn. St. 260.115, subd. 1. The district court denied the defendant's motion to transfer the case. This court has issued a peremptory writ of mandamus with a provision that an opinion would follow.

The sole issue is whether the district court or the juvenile court has jurisdiction in this matter. At the time of the alleged offense, April 20, 1973, the defendant was 17 years of age. Shortly thereafter, on May 5, 1973, the defendant became 18 years of age. Effective June 1, 1973, the age of majority was changed from 21 years to 18 years. L. 1973, c. 725, § 50; Minn.

St. 260.015. The defendant was arrested on July 19, 1973, and made his first appearance in district court on July 20, 1973.

The juvenile court has original and exclusive jurisdiction "in proceedings concerning any minor alleged to have been a delinquent * * * prior to having become eighteen years of age." Minn. St. 260.111, subd. 1. Also, "* * * the jurisdiction of the court terminates when the individual is no longer a minor." Minn. St. 260.181, subd. 4. Based on these statutes, facially at least, the juvenile court does not have jurisdiction as the defendant is no longer a minor. However, as to this defendant the statute changing the age of majority (L. 1973, c. 725, § 50) may be void if it is an ex post facto law prohibited by the United States Constitution and the Minnesota Constitution. U. S. Const. art. I, § 9; Minn. Const. art. 1, § 11.

This court in Starkweather v. Blair, 245 Minn. 371, 386, 71 N. W. 2d 869, 879 (1955), with reference to Fletcher v. Peck, 10 U. S. (6 Cranch) 87, 138, 3 L. ed. 162, 178 (1810), and Cummings v. State of Missouri, 71 U. S. (4 Wall.) 277, 18 L. ed. 356 (1866), said:

"* * * An ex post facto law is one which renders an act punishable in a manner in which it was not punishable when it was committed."

Under the laws in effect when the alleged offense was committed, the juvenile court had jurisdiction and could not adjudicate the alleged offense as a crime. Minn. St. 260.211, subd. 1, states, "* * * [N]or shall any child be deemed a criminal by reason of this adjudication, nor shall this adjudication be deemed a conviction of crime." Furthermore, before the passage of the majority age change, the defendant had several advantages under the jurisdiction of the juvenile court:

1. No civil disabilities are imposed by adjudication upon the status of a child in the jurisdiction of the juvenile court. Minn. St. 260.211, subd. 1.

2. "The disposition of the child or any evidence given by the child in the juvenile court shall not be admissible as evidence

against him in any case or proceeding in any other court * * *."
§ 260.211, subd. 1.

3. He is not disqualified from future civil service examination, appointment, or application. § 260.211, subd. 1.

4. Records of the juvenile court are not open to public inspection except by order of the court and in the best interests of the child. §§ 260.161, subd. 2, and 260.211, subd. 2.

5. Expert diagnosis is available for a child believed to have a physical or mental defect. § 260.092.

6. Several alternative dispositions are available to the juvenile court upon finding the defendant delinquent. Among these alternatives are to provide counseling, to place the delinquent child, under the supervision of a probation officer, in his own home or a foster group care facility, and to commit the child to the Youth Conservation Commission. § 260.185, subd. 1.

7. The court may require that needed treatment for the child's physical or mental health be furnished. § 260.185, subd. 1.

Clearly, the application of the 18-year-majority law would render the alleged offense punishable in a different manner by denying the defendant access to the juvenile court and the advantages of the dispositions available within the juvenile court. Therefore, defendant must be treated as a minor for the purposes of this prosecution.

As a minor, the defendant is subject to the jurisdiction of the juvenile court because the time of his alleged offense, not the time of arraignment, is the determining factor in establishing the juvenile court's jurisdiction. §§ 260.111, subd. 1, and 260.115, subd. 1.

The state in opposition to defendant's petition cites State v. Dehler, 257 Minn. 549, 556, 102 N. W. 2d 696, 702 (1960), where we said:

"* * * [U]nder [Minn. St. 1957] § 260.22, where an offense was committed prior to the time the accused reached 18 years, but his arraignment in municipal court or before a justice of the

peace was not held until after he became 18, it was not necessary that the case be transferred to the juvenile court but it could be tried by the district court without proceedings being conducted in juvenile court."

However, Minn. St. 1957, § 260.22, was repealed by L. 1959, c. 685. The repealed statute specifically permitted the court to determine its jurisdiction over the defendant by his age at the time of the arraignment and did not focus on the age of the defendant at the time of the offense. The repealed statute also required the court to transfer the case to the juvenile court if the minor was under 18 years of age at the time he was arraigned.

Under the present statute, the court must transfer to the juvenile court the case of a minor "who was under 18 years of age at the time of the commission of the alleged offense." Minn. St. 260.115, subd. 1. Thus, the law in effect when Dehler was decided is distinguishable from the present law and the defendant, a minor for the purposes of this prosecution, U. S. Const. art. I, § 9, and Minn. Const. art. 1, § 11, is subject to the original and exclusive jurisdiction of the juvenile court. Minn. St. 1971, § 260.015, subd. 9; Minn. St. 260.111, subd. 1; § 260.115, subd. 1. We hold that defendant is subject to the jurisdiction of the district court only if he is referred to that court after appropriate proceedings have been held by the juvenile court. State ex rel. Knutson v. Jackson, 249 Minn. 246, 82 N. W. 2d 234 (1957); State ex rel. Pett v. Jackson, 252 Minn. 418, 90 N. W. 2d 919 (1958). See, Minn. St. 260.125.