## STATE v. JUDE DOUGLAS FLEMING.

223 N. W. 2d 397.

November 1, 1974—No. 44860.

 █

*Warren Spannaus*, Attorney General, *William B. Randall*, County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for appellant.

*C. Paul Jones*, State Public Defender, for respondent.

YETKA, JUSTICE.

This is an appeal by the state from an order of the St. Paul municipal court dismissing a prosecution for aggravated assault on the ground that the juvenile court had exclusive original jurisdiction over defendant. In affirming the municipal court's order, we hold that under Minn. St. c. 260, as amended, juvenile courts, and not courts of general jurisdiction, have jurisdiction over individuals who, although under age 18 at the time of the alleged offense, are age 18 or over when the prosecutions are commenced.

In order to understand the problem presented by this appeal, we must first set out the statutes relating to the issue of juvenile court jurisdiction prior to the 1973 and 1974 legislative sessions [1] and then the amendments passed during those sessions:

(1) Minn. St. 260.015, subd. 2, defines "child" as "an individual under 18 years of age and includes any minor alleged

---

[1] Most of these statutory provisions are still in effect.

to have been delinquent or a juvenile traffic offender prior to having become 18 years of age."

(2) Minn. St. 1971, § 260.015, subd. 9, defined "minor" as "an individual under 21 years of age."

(3) Minn. St. 260.111, subd. 1, provides:

"Except as provided in section 260.125, the juvenile court has original and exclusive jurisdiction in proceedings concerning any child who is alleged to be delinquent, a juvenile traffic offender, neglected, or dependent, and in proceedings concerning any minor alleged to have been a delinquent or a juvenile traffic offender prior to having become eighteen years of age. The juvenile court shall deal with such a minor as it deals with any other child who is alleged to be delinquent or a juvenile traffic offender."

(4) Minn. St. 260.115, subd. 1, provides:

"Except where a juvenile court has referred an alleged violation to a prosecuting authority in accordance with the provisions of section 260.125, or to a court in accordance with the provisions of section 260.193, a court other than a juvenile court shall immediately transfer to the juvenile court of the county the case of a minor who appears before the court on a charge of violating any state or local law or ordinance and who is under 18 years of age or who was under 18 years of age at the time of the commission of the alleged offense."

(5) Minn. St. 260.125, subd. 1, provides in part:

"When a child is alleged to have violated a state or local law or ordinance after becoming 14 years of age the juvenile court may enter an order referring the alleged violation to the appropriate prosecuting authority * * *."

(6) Minn. St. 1971, § 260.181, subd. 4, provided:

"The court may dismiss the petition or otherwise terminate its jurisdiction on its own motion or on the motion or petition of any interested party at any time when it feels it is in the best

interest of the minor to do so. Unless otherwise terminated by the court, the jurisdiction of the court terminates when the individual is no longer a minor."

(7) Minn. St. 260.215, subd. 1, provides:

"A violation of a state or local law or ordinance by a child before becoming 18 years of age is not a crime unless the juvenile court refers the matter to the appropriate prosecuting authority in accordance with the provisions of section 260.125 or to a court in accordance with the provisions of section 260.193."

In 1973 the legislature, when it changed the laws relating to the age of majority, amended § 260.015, subd. 9, so that it now defines minor as "an individual under 18 years of age." L. 1973, c. 725, § 50. The effect of this change was considered by this court en banc in State v. Dugan, 297 Minn. 374, 211 N. W. 2d 876 (1973). In that decision we stated that "facially at least" the effect of the amendment was to deprive the juvenile court of jurisdiction in any prosecution involving a defendant age 18 or over notwithstanding the fact that the alleged acts occurred when defendant was age 17 or under. However, the court in that case held that the juvenile court had jurisdiction over the 18-year-old defendant because the law changing the age of majority was as to that defendant an ex post facto law prohibited by the Federal and State Constitutions.

In this case there is no ex post facto problem and the court must decide what is the actual, and not just "facial," effect of the amendment on prosecutions of 18-year-olds for crimes committed while juveniles. The issue is complicated by the fact that the legislature has recently passed an amendment changing Minn. St. 1971, § 260.181, subd. 4, so that it now reads as follows:

"The court may dismiss the petition or otherwise terminate its jurisdiction on its own motion or on the motion or petition of any interested party at any time. Unless terminated by the court, the jurisdiction of the court shall continue until the

individual becomes 21 years of age if the court determines it is in the best interest of the individual to do so." L. 1974, c. 544.

Although the legislative intent is not completely clear, we conclude that the intent of the 1974 amendment was to continue jurisdiction of the juvenile court over an individual 18 years of age or older where the alleged offense occurred before that individual was 18 years of age. In ascertaining the legislative intent this court may presume that "[t]he legislature does not intend a result that is absurd * * *." Minn. St. 645.17(1).

Moreover, § 260.215, subd. 1, set forth above, which provides that a violation of a law by a child before becoming 18 years of age is not a crime unless the juvenile court refers the matter to the appropriate prosecuting authority or to a court, remains unchanged. Since the offense here was committed before the alleged offender reached 18 years of age, it clearly falls within the purview of § 260.215. Thus, defendant's act will not constitute a crime unless the juvenile court refers the matter to the proper prosecuting authority. It seems clear to us that the essential question therefore is not when prosecution takes place, but rather, when the alleged violation took place. The purpose of the statute is to protect juveniles from acts committed when presumably they were not of mature mind and body.

When the legislature amended the age of majority to 18, it clearly did not intend to deprive the juvenile court of jurisdiction which existed prior thereto, as evidenced by their amendment of § 260.181, subd. 4, quickly adopted in the 1974 session.

Affirmed.