In re the WELFARE OF C.A.N.

No. CX–84–2086.

Court of Appeals of Minnesota.

June 25, 1985.

John L. Holahan, Jr. Edina, for appellant.

Hubert H. Humphrey, III, Minnesota Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Paul R. Jennings, Asst. Co. Atty. Minneapolis, for respondent.

Heard, considered and decided by WOZ-NIAK, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

C.A.N. appeals from the trial court order referring a juvenile delinquency case for adult prosecution.

## FACTS

On June 13, 1983, an armed robbery occurred at Domino's Pizza, Bloomington.

Thirteen months later, on July 2, 1984, a petition alleging delinquency of appellant was mailed to C.A.N. and her parents and, on July 10, 1984, was filed with the court. C.A.N. was accused of accompanying two men in the robbery; it was alleged that one of the men was armed. C.A.N. was born on August 31, 1965, and was age 18 when the petition was filed. A motion for adult reference was also filed on July 10, but it was never served upon appellant, her parents or her attorney.

On July 23, 1984, appellant, her mother and her attorney appeared in juvenile court. C.A.N. denied the petition and pretrial was scheduled for August 28, 1984.

On August 28, discovery was ordered and the pretrial was continued to September 5, 1984. On August 31, before any further proceedings were held, appellant turned 19.

On September 5, the continued pretrial conference was held before the trial court. Counsel for appellant advised the court that he found the motion for reference after he was permitted to inspect the county attorney's file, part of the discovery ordered on August 28. There had been no motion to extend the time for a reference hearing. Appellant's counsel made a motion to dismiss and memoranda were submitted to the trial court.

On October 16, 1984, the trial court denied appellant's motion. The court referred her case for adult prosecution "because of respondent's current age and state law which prohibits her being housed or incarcerated with juvenile offenders;" the court concluded that appellant was subject to adult court jurisdiction "without the necessity of a reference hearing in Juvenile Court." On December 3, 1984, appellant appeared on a criminal charge of aggravated robbery. All further trial court proceedings have been stayed pending the outcome of this appeal.

## ISSUES

1. Can the trial court automatically refer a juvenile delinquency case for adult prosecution when the alleged violator turns age 19?

2. Can a juvenile delinquency case be referred for adult prosecution where a reference hearing is not scheduled within 30 days after the motion is filed?

## ANALYSIS

### I.

In its order referring C.A.N. for adult prosecution, the trial court decided that C.A.N. was automatically subject to adult court jurisdiction when she became age 19. We do not agree.

Minn.Stat. § 260.215, subd. 1 (1984) provides:

A violation of a state or local law or ordinance by a child before becoming 18 years of age is not a crime unless the juvenile court refers the matter to the appropriate prosecuting authority in accordance with the provisions of section 260.125 * * *.

The child's violation is the subject of juvenile court jurisdiction. The pertinent statute provides:

Except as provided in sections 260.125 * * * the juvenile court has original and exclusive jurisdiction in proceedings concerning any child who is alleged to be delinquent * * * and in proceedings concerning any minor alleged to have been a delinquent * * * prior to having become 18 years of age. The juvenile court shall deal with such a minor as it deals with any other child who is alleged to be delinquent * * *.

Minn.Stat. § 260.111, subd. 1 (1984). A child, the statute says, means:

[A]n individual under 18 years of age and includes any minor alleged to have been delinquent * * * prior to having become age 18.

Minn.Stat. § 260.015, subd. 2 (1984).

■ As section 260.215 suggests, an adult court obtains jurisdiction over a child's violation only by statutory reference for prosecution. The relevant statute says:

Except where a juvenile court has referred an alleged violation to a prosecuting authority in accordance with the provisions of section 260.125 * * * a court other than a juvenile court shall immediately transfer to the juvenile court of the county the case of a minor who appears before the court on a charge of violating any state or local law or ordinance and who is under 18 years of age or who was under 18 years of age at the time of the commission of the alleged offense.

Minn.Stat. § 260.115, subd. 1 (1984).

The jurisdiction of the juvenile court may continue until an individual becomes 19 years of age. Minn.Stat. § 260.181, subd. 4.

■ The Minnesota Supreme Court confirms that jurisdiction of the juvenile court continues over an individual 18 years of age or older where the alleged offense occurred before that individual was 18 years old. *State v. Fleming*, 302 Minn. 61, 64, 223 N.W.2d 397, 399 (1974). *See also State v. Dugan*, 297 Minn. 374, 211 N.W.2d 876 (1973). In *Dugan*, the supreme court enumerated advantages the legislature prescribed for alleged offenders in juvenile court, including the privacy of records and the freedom from civil disabilities. *Id.* at 375–76, 211 N.W.2d at 877. *See* Minn.Stat. §§ 260.161 and 260.211. In *Fleming*, the court examined the statutes on jurisdiction and recognized the impact of section 260.215:

Moreover, § 260.215, subd. 1, set forth above, which provides that a violation of a law by a child before becoming 18 years of age is not a crime unless the juvenile court refers the matter to the appropriate prosecuting authority or to a court, remains unchanged. Since the offense here was committed before the alleged offender reached 18 years of age, it clearly falls within the purview of § 260.215. Thus, defendant's act will not constitute a crime unless the juvenile court refers the matter to the proper prosecuting authority. It seems clear to us that the essential question therefore is not when prosecution takes place, but

rather, when the alleged violation took place. The purpose of the statute is to protect juveniles from acts committed when presumably they were not of mature mind and body.

*Fleming*, 302 Minn. at 64, 223 N.W.2d at 399–400.

In *In re Welfare of S.V.*, 296 N.W.2d 404 (Minn.1980), the supreme court held that there was no necessity for a reference hearing if the accused juvenile "eluded prosecution" beyond the age where the juvenile court had jurisdiction. The court said:

We hold that where a juvenile has been the subject of a petition in juvenile court for an alleged offense occurring while a juvenile and where the record shows the juvenile eluded prosecution in juvenile court until he is past 21 years of age, the former juvenile who is now an adult is subject to the complete jurisdiction of the district court as an adult and without the necessity of a reference hearing before either the juvenile court or the district court. This rule does not mean that prosecution can deliberately delay a petition or prosecution of a juvenile, for that would be a denial of the juvenile's constitutional right to a speedy trial. This holding is confined to the situation where, as in this case, the state has been diligent in seeking arrest and prosecution of the juvenile and where jeopardy has not yet attached.

*Id.* at 408.

In this case, C.A.N. was not accused until one year after the robbery occurred. Reference was ordered before jeopardy attached in the juvenile case. However, C.A.N. turned age 19 after juvenile proceedings began and after the 30 day statutory period allowed for reference hearing. Minn.Stat. § 260.125, subd. 2(c); Minn.R. Juv.Cts. 32. It is not claimed that the juvenile had responsibility for the fact that the reference hearing was not conducted before she was 19.

■ Having regard for *In re S.V.*, we conclude that adult prosecution without

statutory reference cannot occur, where a suspect person was under 18 when an alleged offense was committed, and where there was ample time before the individual turns 19 to conduct reference proceedings. This preserves the process chosen by the legislature to determine whether a juvenile act should be referred for adult prosecution.

The preceding analysis dictates our view toward adult court jurisdiction, but begs another question: How long can the juvenile court act without losing its jurisdiction?

We noted earlier the statute and cases dealing with juvenile court jurisdiction for conduct which occurred when persons were under 18. In *Fleming*, the supreme court said that it was bound by the rule in spite of a 1973 legislative amendment of Minn. Stat. § 260.015, subd. 9, which appeared to deprive the juvenile court of jurisdiction of any individual over age 18.[1] *Id.*, 233 N.W.2d at 399–400. The 1974 amendment to § 260.181 provided that juvenile court jurisdiction continued to age 21. 1974 Minn.Laws, ch. 544. The supreme court concluded:

> [T]he intent of the 1974 amendment was to continue jurisdiction of the juvenile court over an individual 18 years of age or older where the alleged offense occurred before that individual was 18 years of age.

*State v. Fleming*, 223 N.W.2d at 399.

■ The 1982 amendment of section 260.181 shortened the period of juvenile court jurisdiction from age 21 to 19 years of age. 1982 Minn.Laws, ch. 615, § 4. The amendment does not defeat the rationale in *Fleming;* it shortened but did not erase the period of jurisdiction after age 18.

The supreme court viewed the law differently for a case arising after expiration of the period of jurisdiction provided in Minn. Stat. § 260.181, subd. 4. *In re S.V.* In discussing whether a person should then be tried as an adult on a charge of committing an offense as a juvenile, the supreme court stated:

> While it is argued that doing so would violate the requirements of a referral from juvenile court, the fact is that juvenile court lacks jurisdiction to grant the referral.

*In re S.V.*, 296 N.W.2d at 408.

Thus, on the one hand, it is not appropriate here to call for adult court jurisdiction. On the other hand, juvenile court jurisdiction has not been recognized after the time period provided in section 260.181. Our struggle is to avoid an absurd result. Minn.Stat. § 645.17(1); *State v. Fleming*, 223 N.W.2d at 399. In the difficult application of law to the unfortunate facts of this case, the struggle is more correctly viewed as one to find the least absurd result among several unsatisfactory options.

Three choices are available to us in deciding this case.

1. Should the appellant be "home free" from prosecution? The Minnesota Supreme Court has found that solution untenable. *State v. Dehler*, 257 Minn. 549, 556, 102 N.W.2d 696, 702 (1960).

2. Should adult court jurisdiction be considered? Adult court jurisdiction seriously conflicts with fundamental statutory rights of the juvenile and is not an appropriate resolution.

3. Is it necessary to approve juvenile court jurisdiction for completing an adjudication on the allegations of delinquency? We believe so, in the specific circumstances of this case. This solution involves fewer problems than the other choices.

■ Where the juvenile court has jurisdiction to consider referral, and referral is refused or is not duly considered, the juvenile court must deal with adjudication of facts bearing on the accusation of delinquency.

The juvenile court in this case rejected the possibility for further action because,

---

1. *See* 1973 Minn.Laws, ch. 725, § 50, changing from 20 to 17 the maximum age of minority. Prior to 1974, section 260.181, subd. 4, terminated juvenile court jurisdiction when an individual was "no longer a minor." *See* Minn.Stat. § 260.181, subd. 4 (1971).

at the appellant's age, an adjudication would leave the court with no options for formal sanctions. However, if delinquency is adjudicated, the offender is formally confronted on the subject, and the process produces a court record of the violation. This record would increase the severity of sentences for future offenses. Minn.Stat. § 260.161, subd. 1 (1984). The court can compel attendance and response from the offender and parents, furnish information on the consequences of a future offense, discuss and urge voluntary rehabilitation steps, or otherwise formally address the parties. In some cases, these potential results would provide a constructive alternative to referral.

In appropriate cases, this form of continued jurisdiction would involve a reference hearing and reference to adult court.

## II.

Can there be a reference hearing in this case? The difficulty of the situation here is critically compounded by this question.

Minn.Stat. § 260.125 grants to an accused juvenile the right to a reference hearing. *See also* Minn.R.Juv.Cts. 32; Minn.Stat. §§ 260.115, subd. 1, and 260.215. As discussed earlier, adult prosecution can only occur if a case is referred after appropriate proceedings in the juvenile court. *State v. Dugan,* 297 Minn. at 377, 211 N.W.2d at 878.

Minn.Stat. § 260.125, subd. 2 (1984) provides:

[T]he juvenile court may order a reference only if:

(a) A petition has been filed in accordance with the provisions of section 260.-131;

(b) Notice has been given in accordance with the provisions of sections 260.-135 and 260.141;

(c) A hearing has been held in accordance with the provisions of section 260.-155 within 30 days of the filing of the reference motion, unless good cause is shown by the prosecution or the child as to why the hearing should not be held within this period, and

(d) The court finds [a statutory basis for referral].

The statutory condition on time for a hearing is obligatory on its face, one of four conditions that open the "only" door for a person who has not been previously referred from juvenile court.

■ Extensions of time for a reference hearing are permitted by the statute and by Minn.R.Juv.Cts. 32.01, for good cause. The record here shows no good cause for a late hearing. The case was simply not scheduled. The trial court concluded: "The confusion over the lack of notice issue constitutes good cause." That is not so. The absence of notice about the reference proposal compounds, and does not excuse, the failure to schedule a hearing as required by law.

■ In addition, the statute permits enlargement of the time for a hearing only upon a court finding of "good cause * * * why the hearing should not be held within" the 30 day period. Minn.Stat. § 260.125, subd. 2(c). Minn.R.Juv.Cts. 32.01 permits the court to "extend the hearing date" for "good cause shown," for a period not to exceed 60 days.

The issue of good cause regards the proposal of a prosecutor to postpone the hearing, a proposal why the hearing "should not be held" within 30 days. Similarly, the rule deals with extending "the hearing date" scheduled within the 30 day time period. The statute does not contemplate enlargement of the time for a hearing after the statutory period has expired.

■ Our view of the statute coincides with historic legal deference for time requirements which are not mere matters of procedure but conditions for pursuing certain remedies. *See In re Judicial Ditch No. 52, Norman and Polk Counties,* 131 Minn. 372, 155 N.W. 626 (1915). It is also significant that procedural time periods in civil cases can be extended for good cause before the period expires, but only for excusable neglect afterwards. Minn.R.Civ.P. 6.02. Moreover, public policy is even-hand-

ed on the issue of referral, unlike the stated policy for liberal opening of judgments, based on a preference for trials on the merits. *See Sommers v. Thomas,* 251 Minn. 461, 88 N.W.2d 191 (1958).

Appellant argued to the trial court and on appeal that because the reference hearing was not timely, the juvenile charge should be dismissed in its entirety. We do not agree. Nevertheless, the prospect for referral in this case under section 260.125 has been lost.

### DECISION

This case could not be automatically referred for adult prosecution. Because of a lapse in timely process, statutory referral powers are gone. The trial court decision to refer is reversed and the matter is remanded for conducting adjudication proceedings.

Reversed and remanded.