In the Matter of the
**WELFARE OF R.D.W.**

No. C1–86–1767.

Court of Appeals of Minnesota.

June 2, 1987.

Review Denied July 15, 1987.

Roger L. Gilmer, Gilmer Law Office, Hutchinson, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., Saint Paul, for respondent State.

Considered and decided by FORSBERG, P.J., and RANDALL and STONE,* JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

R.D.W appeals from a court order referring him for prosecution as an adult as provided by Minn.Stat. § 260.125, subd. 2 (1986). We reverse.

## FACTS

The juvenile appellant was charged by petition in McLeod County with two counts of sale of a controlled substance, pursuant to Minn.Stat. § 152.09, subd. 1(1) (1984), occurring on May 10th and August 27th of 1985. Appellant was 17 years old at the time of the first offense, but the petition was not filed until June 23, 1986, more than a year after the offense was allegedly committed. The State filed a motion for adult reference dated July 2, 1986. The motion

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

was discussed at a pre-trial conference held August 1, 1986, and scheduled to be heard on September 22, 1986. The State filed an amended notice of motion for the hearing. Appellant turned 19 on October 19, 1986.

At the reference motion, the defense argued that the hearing was untimely, since the motion was not heard until 84 days after the filing of the original notice of motion. The court held that the defense had waived the 30–day requirement by its failure to object to the scheduling of the motion at the pre-trial conference. By order of September 25, 1986, the court ordered that the juvenile be referred to McLeod County District Court for criminal prosecution upon two counts of sale of a controlled substance.

## ISSUES

1. Was the reference hearing timely?

2. Does the lack of a finding of probable cause in the order for reference constitute reversible error?

3. Did the State prove its case for reference by clear and convincing evidence of nonamenability to treatment, or that the public safety is not served under the provisions of laws relating to juvenile courts?

## ANALYSIS

Minn.Stat. § 260.125, provides in pertinent part:

[T]he juvenile court may order a reference only if:

\* \* \* \* \* \*

(c) A hearing has been held in accordance with the provisions of section 260.-155 within 30 days of the filing of the reference motion, unless good cause is shown by the prosecution or the child as to why the hearing should not be held within this period, and

(d) The court finds that:

 (1) there is probable cause, as defined by the rules of criminal procedure promulgated pursuant to section 480.059, to believe the child committed the offense alleged by delinquency petition, and

 (2) the prosecuting authority has demonstrated by clear and convincing evidence that the child is not suitable to treatment or that the public safety is not served under the provisions of laws relating to juvenile courts.

*Id.,* subd. 2.

## I.

■ Appellant argues that his prosecution has been deliberately delayed, thus denying him his constitutional right to a speedy trial. *See In re Welfare of S.V.,* 296 N.W.2d 404 (Minn.1980); *In re Welfare of C.A.N.,* 370 N.W.2d 438 (Minn.Ct.App. 1985).

In *C.A.N.,* the trial court referred a juvenile for adult prosecution without a hearing, and after the 30–day requirement for requesting a hearing had run. As in this case, the prosecution waited over one year after the alleged delinquent act before filing the petition alleging delinquency. The court noted that a juvenile who is the subject of a petition in juvenile court for an alleged offense and eludes prosecution until he is past age 19 is subject to the complete jurisdiction of the district court as an adult. The court stated, however, that "this rule does not mean that prosecution can deliberately delay a petition or prosecution of a juvenile, for that would be a denial of the juvenile's constitutional right to a speedy trial." *C.A.N.,* 370 N.W.2d at 441; *citing S.V.,* 296 N.W.2d at 408. The court then reversed the order for reference for adult prosecution based upon the inexcusable delay in the prosecution.

We seriously question the propriety of the prosecution's delay in filing the petition in this matter; however, we believe that this initial delay does not render the reference hearing invalid. Appellant was present when the hearing was scheduled, and made no objection as to its timeliness. Thus, the trial court properly concluded that appellant waived his right to object to the timeliness of the hearing.

## II.

■ Appellant argues that in referring him for adult prosecution the court did not determine probable cause to believe he

committed the alleged acts of delinquency as required by the statute. Appellant did not move for a hearing on the issue of probable cause pursuant to Rule 11.03 of the Minnesota Rules of Criminal Procedure, nor did he at any time contest the essential truth of the facts alleged in the petition.

The trial court's order lacks a specific finding of probable cause, yet the trial court based its order for reference upon the police reports and the petition submitted at the motion. The petition is very specific, describing in detail the events which led to the charges. In *State v. Florence*, 306 Minn. 442, 239 N.W.2d 892 (1976), the supreme court stated that a carefully drawn and sufficiently detailed complaint made by investigating officers and incorporating reliable hearsay may in some limited situations be adequate to support probable cause, at least if the essential truth of the facts alleged in the probable cause petition is not contested. *Id.* at 457, 239 N.W.2d at 902; *cf. State ex rel. Doe v. Madonna*, 295 N.W.2d 356, 364 (Minn.1980) (court held in commitment case that a finding of "probable dangerousness," necessary for the action taken, could be inferred from the statements in the petition for commitment and the action taken). Since the petition would have supported a finding of probable cause and appellant did not raise the issue of probable cause at the trial court, we hold that the failure of the court to make a specific finding of probable cause does not rise to the level of reversible error.

### III.

The State moved to refer appellant for adult prosecution under Minn.Stat. § 260.125, subd. 2. Under this section, the State had the burden of proving, by clear and convincing evidence, that appellant was not amenable to treatment within the juvenile system, or that the public safety was not served by treatment within the juvenile system. Minn.Stat. § 260.125, subd. 2 (1986). In determining the propriety of referring a juvenile for adult prosecution, the trial court must consider the totality of the circumstances. *Id.;* Minn.R.P.Juv.Cts. 32.05.

Rule 32.05 sets forth suggested factors to consider in making this determination:

(a) The seriousness of the offense in terms of community protection,

(b) the circumstances surrounding the offense,

(c) whether the offense was committed in an aggressive, violent, premeditated, or willful manner,

(d) whether the offense was directed against persons or property, the greater weight being given to an offense against persons, especially if personal injury resulted,

(e) the reasonably foreseeable consequences of the act,

(f) the absence of adequate protective and security facilities available to the juvenile treatment system,

(g) the sophistication and maturity of the child as determined by consideration of the child's home, environmental situation, emotional attitude and pattern of living,

(h) the record and previous history of the child,

(i) whether the child acted with particular cruelty or disregard for the life or safety of another,

(j) whether the offense involved a high degree of sophistication or planning by the child, and

(k) whether there is sufficient time available before the child reaches age nineteen (19) to provide appropriate treatment and control.

Minn.R.P.Juv.Cts. 32.05; *see also State v. Hogan*, 297 Minn. 430, 438, 212 N.W.2d 664, 669–70 (1973). The trial court has broad discretion in referring a juvenile for adult prosecution, and its decision will not be overturned unless it is clearly erroneous. *In re Welfare of K.J.K.*, 357 N.W.2d 117, 119 (Minn.Ct.App.1984), *citing In re Welfare of Hartung*, 304 N.W.2d 621, 624 (Minn.1981).

The trial court cited as factors important in its decision to refer appellant:

(1) the testimony of a probation agent, Tammy Miller-Hess, that she would be unable to treat appellant's chemical dependency problem or to effectively supervise a juvenile convicted of so serious an offense in a period as short of twenty-five days [the matter came on for hearing on September 22, 1986, and appellant became 19 on October 18, 1986—giving the juvenile court jurisdiction over appellant for approximately 25 days];

(2) the sophistication and circumstances surrounding the transactions, as evidenced in the police reports;

(3) the seriousness of the offense.

### *Amenability to Treatment*

[4] The trial court stated that based upon the probation agent's testimony, the juvenile system could not successfully treat appellant before its jurisdiction ended. Although this factor is a proper basis for concluding that a juvenile is unsuitable for treatment, the determination must be based on psychological data or a history of misconduct as well as the juvenile's age, level of maturity, and the seriousness of the offense. *In re Welfare of D.M.*, 373 N.W.2d 845, 850 (Minn.Ct.App.1985); *see also In re Welfare of R.W.B.*, 376 N.W.2d 263 (Minn.Ct.App.1985) (court determined youth was not suitable for treatment in juvenile system by considering evidence of juvenile's history, psychological evaluation, age, previous failures at treatment, and lack of juvenile program for applicable treatment).

[5] We disagree with the trial court's finding that the seriousness of the offense—the sale of approximately two ounces of marijuana—supports prosecuting appellant as an adult. Further, the probation agent's determination that appellant could not be treated successfully within the juvenile system was not based on any psychological data or history of misconduct. In fact, the probation agent admitted that she had no personal knowledge of appellant. Thus, the only factor supporting a finding of nonamenability to treatment is the length of time which the juvenile court would have jurisdiction over appellant.

At the time of the hearing, appellant was within 25 days of his 19th birthday. The probation agent testified that the juvenile court did not have sufficient time to treat appellant, yet on cross-examination she admitted that the usual treatment for the offense involved—evaluation of chemical dependency—would be completed in two weeks. Further, follow-up treatment would only be needed if the assessment showed that the youth was chemically dependent. We think that since the State delayed these proceedings for over a year, it should bear the burden of the delay, not appellant. We hold that the State did not prove by clear and convincing evidence that appellant was not amenable to treatment within the juvenile system.

### *Public Safety*

■ A juvenile cannot be referred for adult prosecution solely because of the alleged offense. *In re Welfare of K.P.H.*, 289 N.W.2d 722, 725 (Minn.1980); *D.M.*, 373 N.W.2d at 850. The record must contain direct evidence of dangerousness in addition to the inferences which may be drawn from the commission of the offense itself. *Id.* In this case, the petition alleged that a special agent approached appellant and asked where he could obtain marijuana. Appellant took him to a friend's home, went inside, and returned with the marijuana. A similar procedure was followed for the second offense. The court was not presented with any evidence of "dangerousness." We further disagree that any "sophistication" existed in the commission of these offenses, contrary to the court's finding.

### DECISION

We hold that the State did not prove by clear and convincing evidence that appellant was not amenable to, or that the public was not served by, treatment within the juvenile system.

Reversed.