**In the Matter of the WELFARE OF M.R.G., Child.**

No. C9–88–841.

Court of Appeals of Minnesota.

Dec. 6, 1988.

Stephen R. Erickson, Peterson, Chesterman, Erickson, Anderson & Hareid, Albert Lea, for appellant.

Paul G. Morreim Freeborn Co. Atty., Laura M. Auron, Asst. Co. Atty., Albert Lea, for respondent.

Heard, considered and decided by PARKER, P.J., RANDALL, J., and ROBERT E. BOWEN, Judge, Retired.*

## OPINION

ROBERT E. BOWEN, Judge, Retired.

M.R.G. challenges the trial court's order referring him for prosecution as an adult. We reverse.

## FACTS

M.R.G. is alleged to have set fire to his landlord's car on October 25, 1986. The police were called to the scene, and lifted fingerprints from a lighter fluid container found nearby.

An anonymous source identified M.R.G. as the culprit shortly after the incident. The investigating police officer testified he believed M.R.G. to be a suspect at that time. The police declined to obtain a copy of M.R.G.'s fingerprints, however, despite the availability of the prints as a result of M.R.G.'s prior adjudications.

Based on tips in November 1987 that M.R.G. started the fire, a delinquency petition was filed on January 5, 1988 alleging

violation of Minn.Stat. § 609.562 (1986) (second degree arson). A reference hearing was held on March 14, 1988, at which time M.R.G. was 18 years and 8 months of age. By order dated March 18, 1988, the trial court referred M.R.G. for prosecution as an adult. On April 7, 1988, the court amended its findings to correct typographical errors. Appellant challenges the trial court's reference order.

## ISSUE

Did the juvenile court abuse its discretion in referring M.R.G. for adult prosecution?

## ANALYSIS

A juvenile court has considerable latitude in determining whether to certify a minor for adult prosecution. Its decision will not be upset unless its findings are clearly erroneous so as to constitute an abuse of discretion. *In re I.Q.S.*, 309 Minn. 78, 86–87, 244 N.W.2d 30, 38 (1976).

In order to refer a child for adult prosecution, the trial court must find (1) probable cause to believe the child committed the offenses alleged in the delinquency petition, and (2) a demonstration by the prosecution of clear and convincing evidence that the child is not suitable for treatment or that public safety is not served under the provisions of law relating to juvenile courts. Minn.Stat. § 260.125, subd. 2 (1986); Minn.R.Juv.Cts. 32.05.

In determining whether the prosecution has met its burden, the trial court shall consider the totality of the circumstances,[1] including:

(a) the seriousness of the offense in terms of community protection,

(b) the circumstances surrounding the offense,

(c) whether the offense was committed in an aggressive, violent, premeditated or willful manner,

---

\* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. Examination of the totality of the circumstances is necessary in situations where, as here, no prima facie case was established as set forth in Minn.Stat. § 260.125, subd. 3 (1986).

(d) whether the offense was directed against persons or property, the greater weight being given to an offense against persons, especially if personal injury resulted,

(e) the reasonably foreseeable consequences of the act,

(f) the absence of adequate protective and security facilities available to the juvenile treatment system,

(g) the sophistication and maturity of the child as determined by consideration of the child's home, environmental situation, emotional attitude and pattern of living,

(h) the record and previous history of the child,

(i) whether the child acted with particular cruelty or disregard for the life or safety of another,

(j) whether the offense involved a high degree of sophistication and planning by the child, and

(k) whether there is sufficient time available before the child reaches age nineteen (19) to provide appropriate treatment and control.

Minn.R.Juv.Cts. 32.05.

Appellant does not contest the trial court's finding of probable cause on appeal. Appellant argues, rather, that the prosecution failed to meet its burden of proving appellant was not amenable to treatment.

The trial court's finding that M.R.G. was not amenable to treatment was based in part on the following: (1) all of the prior treatment programs have been basically unsuccessful; (2) the delinquency patterns continued; (3) the use of alcohol and marijuana continued; and (4) the child's attitude remained unchanged.

■ M.R.G.'s probation officer testified, however, that M.R.G. was released from Red Wing partially because he "earned his way out." (Time spent at Red Wing was also cited as a reason for release.) M.R.G. was subsequently discharged from the Department of Corrections in September 1987. His release was based on the probation officer's recommendation that M.R.G. had fulfilled all the terms and conditions for discharge. Nothing in the record indicates that M.R.G. had been charged with any offense from the time of his discharge to the time he was charged in January 1988 with second degree arson. Testimony also indicates that the Red Wing facility would be available to M.R.G. for treatment.

In the light of the higher standard of proof by clear and convincing evidence, the trial court's finding that M.R.G. is not amenable to treatment is not adequately supported by the record and is clearly erroneous.

■ Concerning the issue of public safety, the trial court found that there could easily have been injury to persons and that the fire could have spread to the house and garage. These facts alone do not establish by clear and convincing evidence that public safety would not be served by retaining M.R.G. in the juvenile system, and the trial court's findings on this issue are clearly erroneous.

This case illustrates the dilemma of trial courts in considering whether to refer for adult prosecution a youth who is close to the age of adulthood. A decision to retain the child for treatment within the juvenile system effectively results in no disposition other than slightly increasing the person's status points under the Minnesota Sentencing Guidelines. A trial court's tendency to refer under these circumstances is readily understandable. Absent reconsideration by the legislature of the effects of terminating jurisdiction in the juvenile courts at age 19, youths who are close to reaching the age of adulthood may continue to be treated as though they are already adults.

## DECISION

The trial court's finding that all treatment has been unsuccessful is clearly erroneous and, in light of the record, constitutes an abuse of discretion. We reverse and remand the trial court's order referring M.R.G. for adult prosecution for proceedings consistent with this opinion.

REVERSED AND REMANDED.