**In the Matter of the WELFARE OF R.J.R.**

**No. C5–00–645.**

Court of Appeals of Minnesota.

Feb. 13, 2001.

Richard E. Edinger, Fargo, ND; and Richard D. Varriano, Moorhead, MN, for appellant R.J.R.

Mike Hatch, Attorney General, St. Paul, MN; and Lisa N. Borgen, Clay County Attorney, Scott G. Collins, Assistant County Attorney, Moorhead, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, CRIPPEN, Judge, and HOLTAN, Judge.[*]

## OPINION

CRIPPEN, Judge

Appellant disputes the district court's decision to certify a juvenile court petition for adult court proceedings. Because, under the circumstances here, exclusive jurisdiction for prosecution rests in the district court, we affirm on grounds other than those announced by the district court.

## FACTS

Appellant R.J.R. allegedly committed an offense in 1995 and the state filed a juvenile court petition on January 18, 2000, nearly one year after appellant attained 21 years of age.[1] Upon filing the petition, the prosecutor requested certification of the proceedings to the district court.[2] By statute, certification is presumed because the alleged offense would result in a presumptive commitment to prison under the Minnesota Sentencing Guidelines. Minn. Stat. § 260B.125, subd. 3 (Supp.1999). Appellant disputes application of this presumption and the court's determination that he failed to rebut the presumption "by clear and convincing evidence that retaining the proceeding in the juvenile court serves public safety." *Id.*

## ISSUE

Did the juvenile court err in certifying the petition for adult court proceedings?

## ANALYSIS

■ "On appeal, this court is not bound by the lower courts' conclusions with re-

---

[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. Appellant has not asserted that the state purposefully caused the delay in order to gain an unfair advantage.

2. The prosecution elected not to proceed in district court under Minn. § 260B.193, subd. 5(d) (Supp.1999), to which reference is made later in this opinion, and it does not appear that the trial court considered this statute. Appellant states that the court relied on the statute to reach its certification decision, but this is not evident from the record.

spect to issues of law and instead conducts an independent review of the record." *Watson v. United Servs. Auto. Ass'n,* 566 N.W.2d 683, 688 (Minn.1997) (citation omitted).

In 1994, the legislature redetermined the jurisdiction of courts over prosecution of juvenile offenses commenced after the alleged offender becomes an adult. 1994 Minn. Laws ch. 576, §§ 13 subd. 3b, 25, subd. 4. If the state files a petition before the alleged offender turns 21 years of age, the juvenile court has jurisdiction to hold a certification hearing on a motion to certify the proceedings for adult prosecution. Minn.Stat. §§ 260B.125, subd. 6, 260B.193, subd. 5(c) (Supp.1999). If the state prosecutes after the alleged offender turns 21 years of age, the district court "has original and exclusive jurisdiction" over the proceedings. *Id.* § 260B.193, subd. 5(d) (Supp.1999).

■ This case is governed by Minn.Stat. § 260B.193, subd. 5(d) because the state filed its petition after R.J.R. turned 21. Thus, we affirm the transfer of jurisdiction accomplished by the court's order, even though the certification proceedings were unnecessary. By statute, the district court has original and exclusive jurisdiction; certification need not and should not occur to establish that jurisdiction.

Appellant suggests that our decision in *In re Welfare of C.A.N.,* 370 N.W.2d 438 (Minn.App.1985), precludes application of section 260B.193, subd. 5(d). *In re Welfare of C.A.N.,* however, was decided before enactment of section 260B.193, subd. 5(d), in circumstances where the case could not automatically be referred for adult prosecution and where the juvenile court lacked jurisdiction to refer the case. *See id.* at 440–41. In contrast, the legislature has conferred jurisdiction by statute under the circumstances presented in this case.

## DECISION

Because exclusive jurisdiction for prosecution of this case rests in the district court, we affirm the result accomplished by the trial court's certification proceedings.

**Affirmed.**